**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALLY FINANCIAL INC.,

                     Plaintiff,

vs.                                                    Case No.  3:09-cv-836-J-20JRK

JOHN DOMINIC SULLIVAN, MELANIE
SULLIVAN, CHARLES PRESTIPINO,
JAMES HENRY ROGERS, JAMES DAVID
ROACH, as Trustee of the James Roach
Revocable Living Trust, KEVIN
MCKATHAN, and KEVIN J. BUSLER,

                     Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

      This cause is before the Court on Plaintiff's Motion for Order of Contempt and to

Enforce June 30, 2010 Order on Plaintiff's Motion to Compel from Defendants, John Dominic

Sullivan and Melanie Sullivan, Responses to Requests for Production in Aid of Execution

of Final Judgment (Doc. No. 93; "Motion"), filed July 23, 2010.  In the Motion, Plaintiff seeks

an order from the Court holding Defendants John Dominic Sullivan and Melanie Sullivan in

contempt of Court and enforcing the Order entered on June 30, 2010 (Doc. No. 78)

compelling the Sullivans to respond to Plaintiff's Requests for Production in Aid of Execution

of Final Judgment.  Motion at 1.  Plaintiff also seeks sanctions, in the form of the issuance

of writs of bodily attachment and the award of attorneys' fees and costs, for the Sullivans'

alleged contemptuous conduct.  Id. at 3.

---

    [1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule
6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after
service of this document. Failure to file timely objections shall bar the party from a de novo determination
by a district judge and from attacking factual allegations on appeal.

According to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned may certify facts to a District Judge when a party's actions constitute civil contempt. In addition, the undersigned

> may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B). In accordance with Section 636(e)(6)(B), the undersigned hereby certifies these facts to the District Judge and respectfully recommends that the Motion be granted to the extent that the District Judge should enter an order setting a hearing to determine whether a finding of contempt is warranted, and if so, the proper punishment.

## I.    Procedural History/Facts

On August 5, 2009, Plaintiff filed a Complaint against the Sullivans and other Defendants for separate claims of breach of contract against each Defendant.[2] See Compl. (Doc. No. 1). The Complaint alleges in sum that each Defendant "executed a written unconditional and joint and several guaranty of Crescent City [Chevrolet, Inc.]'s present and future liabilities to [Plaintiff] of all indebtedness due," and that "Crescent City has failed and refused to pay to [Plaintiff]" monies due and owing under various agreements. Id. at 8-25. Because Defendants signed as guarantors, alleges Plaintiff, they are liable "for all monies due, as well as [Plaintiff]'s attorneys' fees, costs and expenses incurred for having to bring suit to collect these damages." Id. After the Sullivans failed to respond to Plaintiff's

---

[2]    John Dominic Sullivan is named in Count I and Melanie Sullivan is named in Count II. Compl. at pp. 8-12.

Complaint, on October 5, 2009, Plaintiff's Motion for Clerk's Entry of Default Against Defendant, John Dominic Sullivan (Doc. No. 17) and Plaintiff's Motion for Clerk's Entry of Default Against Defendant, Melanie Sullivan (Doc. No. 18) were filed.  On October 8, 2009, the Clerk of the Court entered default against each of the Sullivans (Doc. Nos. 23, 24).  On November 17, 2009, Plaintiffs Motion for Default Final Judgment Against Defendants, John Dominic Sullivan and Melanie Sullivan (Doc. Nos. 40, 41) was filed,[3] and was granted by Order dated January 13, 2010 (Doc. No. 49).  In the January 13, 2010 Order, the Clerk was directed "to enter final judgment in favor of the Plaintiff [and against the Sullivans] in the amount of $778,436.86, exclusive of attorney's fees and costs."  Id.  The Court retained jurisdiction for the purpose of determining a reasonable amount of attorney's fees and costs to be awarded to Plaintiff.  Id.  On January 14, 2010, a Final Default Judgment (Doc. No. 50) was entered by the Clerk as directed.

On April 9, 2010, Plaintiff filed a Motion to Compel from Defendants, John Dominic Sullivan and Melanie Sullivan, Responses to Requests for Production In Aid of Execution of Final Judgment (Doc. No. 66; "Motion to Compel").  In the Motion to Compel, Plaintiff sought an order from the Court compelling the Sullivans to provide "full and complete responses to the Request(s) for Production In Aid of Execution of Final Judgment" which were served on the Sullivans on February 3, 2010.  Motion at 5, 2 n.2.  In addition, Plaintiff sought an award Plaintiff attorneys' fees and costs, to be paid by the Sullivans, incurred in bringing the Motion.  Id. at 6.  The Sullivans did not respond to the Motion to Compel.  Therefore, on May 27, 2010, an Order to Show Cause (Doc. No. 68) was entered, directing

---

[3]     This Motion was filed twice but in each filing, seeks a default judgment against both of the Sullivans. See Doc. Nos. 40, 41.

the Sullivans to show cause by June 11, 2010 why the Motion to Compel should not be granted. The Sullivans were warned that "[f]ailure to respond by **June 11, 2010** will result in the Motion being granted without further notice." Id. at 2 (emphasis in original). Despite this admonition, the Sullivans failed to respond to the Motion to Compel or to the Order to Show Cause. Accordingly, on June 30, 2010, an Order was entered (Doc. No. 78) granting the Motion to Compel to the extent that the Sullivans were directed to provide full and complete responses to the Requests for Production in Aid of Execution of Final Judgment by July 16, 2010. Plaintiff's request for attorney's fees and costs associated with bringing the Motion to Compel was taken under advisement at that time and later granted by Order dated July 22, 2010 (Doc. No. 91).

On July 23, 2010, the instant Motion was filed. As previously summarized, the instant Motion seeks an order holding the Sullivans in contempt for violating the June 30, 2010 Order (Doc. No. 78) by failing to respond to the Requests for Production. Motion at 1. The Motion also seeks sanctions, in the form of the issuance of writs of bodily attachment and the award of attorneys' fees and costs, for the Sullivans' alleged contemptuous conduct. Id. at 3. When the Sullivans failed to respond to the Motion, on October 14, 2010, an Order to Show Cause (Doc. No. 124) was entered setting a show cause hearing before the undersigned on November 8, 2010.

On or about November 5, 2010, the undersigned received a letter in the mail from the Sullivans with various documents attached. The letter and documents were an apparent, although unsatisfactory, attempt to comply with the June 30, 2010 Order.

The show cause hearing was held on November 8, 2010, at which Plaintiff's counsel and the Sullivans personally appeared.  See Minute Entry (Doc. No. 139).  The Sullivans were called upon to show cause why it should not be recommended they be held in contempt for violating the June 30, 2010 Order.  Also, Plaintiff's counsel advised he did not receive a copy of the letter and documents sent to the undersigned.  The undersigned returned the letter and documents to the Sullivans, noting it is improper for any party to communicate with the Court in letter form.  A recess was taken, and the Sullivans provided Plaintiff's counsel with the letter and attached documents, as well as additional financial documentation and a draft of their responses to the Requests for Production.  Further, deadlines for compliance with the June 30, 2010 Order were announced, and the Motion was taken under advisement pending the outcome of the Sullivans' attempted compliance with the June 30, 2010 Order.

Following the November 8, 2010 Show Cause hearing, on November 9, 2010, an Order was entered memorializing the directions given at the hearing.  See Order (Doc. No. 140).  The Sullivans were ordered, no later than November 18, 2010, to provide to Plaintiff's counsel revised responses, made under oath, to the Requests for Production.  See id. at 3.  Further, the Sullivans were directed to supplement their responses, under oath, by December 2, 2010 (if it became necessary to do so after conducting a reasonable inquiry into matters requiring such an inquiry).  Id.  Finally, Plaintiff was ordered to file a status report no later than December 16, 2010.  Id.

On December 16, 2010, Plaintiff's Status Report Pursuant to the Court's November 9, 2010 Order (Doc. No. 153; "Status Report") was filed.  In the Status Report, Plaintiff

indicates, "The Sullivans provided Plaintiff some documents that constituted partial responses to some of the requests.  However, on the whole, they failed to comply with the Court's Orders."  Status Report at 3.  Plaintiff reports that, in contravention of the Court's directives, "none of the responses were provided under oath[.]"  Id.  Furthermore, Plaintiff indicates the documents produced "were largely non-responsive," and Plaintiff summarizes why it believes this to be the case.  Id. at 3-4.  Plaintiff gives numerous examples of the "Sullivans' general failure to comply with the Court's June 30, 2010, Order compelling the production [Doc. 78] and its subsequent Order [Doc. 140] enforcing the earlier Order."  Status Report at 4-10.  Plaintiff concludes by indicating "the Sullivans' sparse responses, which are patently incomplete and which themselves reflect that further documentation must exist, reveal a refusal to comply with the Court's Orders."  Id. at 10.  Plaintiff asks the Court to grant its Motion "in its entirety."  Id.

On January 4, 2011, the Sullivans filed a Response to Plaintiff's Status Report (Doc. No. 169; "Response to Status Report"), in which they indicate they "have produced copies of all documentation in [their] control and knowledge and within [their] means."  Response to Status Report at 1.  The Sullivans indicate they have a "lack of knowledge" and their "short falls" are due to the lack of knowledge, rather than dishonesty.  Id.  The Sullivans advise the Court that they have recently retained a bankruptcy attorney.  Id.  Finally, the Sullivans indicate they "continue to try and acquire the additional required paperwork requested and will file as soon as possible as acquired."  Id.  The Sullivans do not specifically respond to any of Plaintiff's statements in the Status Report, and they do not

explain their failure to provide responses under oath as they were previously ordered to do.

## II.     Recommendation

The Federal Rules of Civil Procedure allow district courts to treat as contempt of court

the failure to comply with a discovery order.  Specifically, Rule 37(b)(2) provides (in part):

**(b) Failure to Comply with a Court Order.**
. . .

**(2) *Sanctions in the District Where the Action is Pending.***
(A) *For Not Obeying a Discovery Order.*  If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.  They may include the following:

. . .

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(vii).  The undersigned respectfully submits that the Sullivans are

in continuous violation of the Court's June 30, 2010 discovery Order despite being given

several opportunities to comply.  Accordingly, it is recommended that the Motion be granted

to the extent that the District Judge should enter an order setting a hearing on a date certain

to determine whether the Sullivans' actions constitute civil contempt, and if so, the proper

sanction or punishment.  See 28 U.S.C. § 636(e)(6)(B); Fed. R. Civ. P. 37(b)(2)(A)(vii).

In accordance with the foregoing, it is

**RECOMMENDED**:

That Plaintiff's Motion for Order of Contempt and to Enforce June 30, 2010 Order on

Plaintiff's Motion to Compel from Defendants, John Dominic Sullivan and Melanie Sullivan,

Responses to Requests for Production in Aid of Execution of Final Judgment (Doc. No. 93)

be **GRANTED**, to the extent that the District Judge should enter an order setting a hearing on a date certain to determine whether the Sullivans should be held in contempt for violating the June 30, 2010 Order, and if so, the proper sanction or punishment for their contemptuous conduct.

      **RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 11, 2011.

James R. Klindt

**JAMES R. KLINDT**
United States Magistrate Judge

kaw

Copies to:

The Honorable Harvey E. Schlesinger
United States District Judge

Counsel of Record
*Pro Se* parties

John Dominic Sullivan
687 SE 47th Loop
Ocala, Florida 34480

Melanie Sullivan
687 SE 47th Loop
Ocala, Florida 34480